IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID FRANKLIN COTNEY, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| VS. ) | CASE NO. 3:07cv46-WHA-CSC |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**AFFIDAVIT OF BRENTON LAWRENCE DEAN**

STATE OF ALABAMA

LEE COUNTY

Before me, the undersigned authority, personally appeared Brenton Lawrence Dean, who, first being duly sworn by me, deposes and states as follows:

My name is Brenton Lawrence Dean, and I have been a licensed attorney at law in the State of Alabama since September 1998, and I am admitted to practice before the United States District Court for the Middle District of Alabama.

I was retained defense counsel along with Will O. (Trip) Walton, III, for David Franklin Cotney, Jr., in the case of United States of America v. David Franklin Cotney, Jr., Case No. 3:03-CR-0078-A, which resulted in a guilty plea on the 28th day of May, 2003, and a sentencing hearing on the 15th day of October, 2003. I make this Affidavit in compliance with the Court's Order of January 17, 2007, to address claims of ineffective assistance of counsel presented by Mr. Cotney in his §2255 Motion. It has now been more than three (3) years since the guilty plea and subsequent sentencing. Since I was not appellate counsel for Mr. Cotney, I have not had the benefit of having a

transcript of the guilty plea or sentencing hearing. Therefore, the following responses to Mr. Cotney's allegations are based principally upon my recollection of the things that occurred up to and during the guilty plea and subsequent sentencing. In some instances, I have been able to refresh my recollection from notes, memoranda, correspondence, pleadings and other documents and tangible items. My specific responses to Mr. Cotney's allegations are as follows:

## ISSUE ONE

Counsel for the defendant met with both the AUSA assigned to the case and the probation officer in an effort to get a downward departure for substantial assistance. Counsel for the defendant further met with law enforcement agents assigned to the case and Mr. Cotney for approximately five (5) hours while Mr. Cotney was questioned by said law enforcement officials concerning assistance. Based upon said assistance, Cotney was granted a three level reduction for substantial assistance. Counsel for defendant is unaware of the custom referred to by Cotney concerning the BOP and a 25% to 50% downward departure.

## ISSUE TWO

If the undersigned counsel understands Issue Two, it appears that Cotney would have had his attorneys repeat the same questions as asked by Nelson's attorney during cross examination of Ms. Kelly. Because the defendant's sentencing hearing was held at the same time on the same offenses, the defense attorneys took turns questioning witnesses for the government. Surely Mr. Cotney does not contend that his attorneys should have asked Ms. Kelly the exact same questions as asked by the co-defendants' attorneys. At any rate, it is clear that Attorney Lewis, as counsel for co-defendant

Nelson, asked the appropriate questions of Ms. Kelly during the sentencing hearing which was considered by the trial judge handling the sentencing of all defendants.

### ISSUE THREE

If the undersigned counsel understands Cotney's third issue, it appears that he is complaining that the sentencing Judge violated guidelines in his Sentencing Order which should have been addressed on appeal to the Eleventh Circuit. Because the case was appealed and due to the fact that the undersigned counsel took no part in the appeal, said counsel simply cannot address this issue other than to say that he recalls no surprise announcement by the trial court regarding punishing Cotney for pseudoephedrine rather than methamphetamine. Furthermore, at no time did Cotney advise the undersigned counsel that he wished to have a jury trial nor would undersigned counsel have recommended that Cotney undergo a jury trial based on the facts and circumstances as relayed by Mr. Cotney.

### ISSUE FOUR

Although there are several issues set forth in Issue Four, it would appear that the undersigned counsel has been accused of failing to introduce photographs in his possession to prove that the officers were lying regarding whether or not they were in uniform or plain clothes at the time Cotney was arrested. If memory serves counsel, one or more of the arresting officers were questioned regarding whether or not they were wearing a uniform or plain clothes at the time of their encounter with Cotney. Upon further examination, one or more of the officers testified that the photographs taken at the scene depicting them in plain clothes were taken the following day during their follow up investigation and cleanup of the scene. Of course, counsel would defer to the sentencing

hearing transcript regarding exactly what was asked and said. Furthermore, counsel for Cotney made an issue regarding whether or not law enforcement properly identified themselves as "law enforcement" as they approached and/or chased Cotney.

### ISSUE FIVE

The undersigned counsel does not recall Agent DeJohn's specific testimony regarding Cotney being the ring leader in financing the meth lab, but does recall being told by the investigating probation officer (Jo Ann Sellers) that co-defendants Nelson and Weldon informed her during her interview that Cotney was the ring leader who financed and supervised everything. If memory serves counsel, Sellers testified to said statements at the sentencing hearing but counsel would defer to said transcript of the hearing. At any rate, the undersigned counsel has no specific recollection of Agent DeJohn's specific testimony as stated by Cotney.

### ISSUE SIX

Counsel for the defendant has no independent recollection of negotiations of the plea bargain, but according to his file, it appears that Cotney refused to plea with the ten (10) year minimum mandatory language contained in the plea agreement regarding the discharging of a weapon. Based upon his refusal, the AUSA agreed to remove the "discharge" language from the plea regarding the discharge of the weapon by Cotney. However, counsel for the defendant explained to Cotney that he would be looking at a ten (10) year minimum mandatory at sentencing although we had arguments to the contrary. Obviously, arguments in that regard were not well taken by the Trial Court.

On May 27, 2003, the entire plea agreement was read to the defendant, paragraph by paragraph, while his father listened on the phone. Based upon the facts and

circumstances surrounding the case and the discharging of the shotgun by Cotney, counsel does not understand why Cotney believes the AUSA should not have been allowed to argue discharge as a basis for enhancement at the sentencing hearing. Furthermore, there was no agreement between the Government and defense counsel that the AUSA could not argue for an enhancement due to Cotney's discharging of his firearm.

      Respectfully submitted this the 29 day of January, 2007.

                                              BRENTON LAWRENCE DEAN (DEA025)

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 29TH DAY OF
January, 2007.

_____
NOTARY PUBLIC

OF COUNSEL:

BRENT L. DEAN, LLC
THE LAW CENTER
9 LaFAYETTE STREET NORTH
LaFAYETTE, ALABAMA 36863
Telephone: 334-864-5293
Facsimile: 334-864-5300

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing upon the following by depositing the same, postage prepaid, United States Mail, at their proper mailing addresses:

      Hon. Todd Brown
      Assistant United States Attorney
      Court Square, Suite 201
      Montgomery, Alabama 36104

Mr. David Franklin Cotney, Jr.
11196-002
U. S. Penitentiary - Big Sandy
P. O. Box 2068
Inez, KY 41224

This the 29 day of January, 2007.

_____
BRENTON LAWRENCE DEAN